IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GRANT E. RICHARDS,<br><br>      Plaintiff,<br><br>v.<br><br>WYNDHAM VACATION OWNERSHIP, INC.,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING AS MOOT DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF THE AMENDED COMPLAINT<br><br>Case No. 2:17-CV-978 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Partial Dismissal of the Amended Complaint and Plaintiff's Motion to Amend Complaint. For the reasons discussed below, the Court will grant Plaintiff leave to file a second amended complaint. Based on the anticipated filing of the second amended complaint, the Court will deny Defendant's Motion for Partial Dismissal as moot.

## I. BACKGROUND

Plaintiff filed this action on August 30, 2017. Plaintiff asserted violations of the Fair Labor Standards Act ("FLSA") as well as a claim for breach of contract. Defendant moved for partial dismissal of Plaintiff's Complaint, arguing that it failed to provide notice of any state-law claims, that Plaintiff's state-law claims were preempted, and that Plaintiff's FLSA retaliation claim was inadequately pleaded.

Rather than respond directly to the motion to dismiss, Plaintiff filed an Amended Complaint. In his Amended Complaint, Plaintiff clarified his claims and affirmatively asserted claims for wrongful discharge and breach of contract, in addition to his FLSA claim. Defendant

1

again sought partial dismissal, seeking to dismiss Plaintiff's state-law claims. Plaintiff opposes dismissal and has also sought leave to file a second amended complaint.

## II. DISCUSSION

A. MOTION TO AMEND

Generally, once a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1] "The court should freely give leave when justice so requires."[2] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[3] Defendant argues that leave to amend should be denied because it is futile, Plaintiff has acted in bad faith, and it will be prejudiced.

*1. Futility*

Defendant first argues that Plaintiff's proposed amendment is futile as it relates to Plaintiff's second and third causes of action. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[4] Plaintiff's second and third causes of action assert claims for wrongful discharge and breach of implied contract, respectively. The Court will discuss each in turn.

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id.*

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

### a. Wrongful Discharge

Plaintiff's second cause of action is for wrongful discharge. Before discussing the adequacy of that claim, the Court first notes that Plaintiff's use of the phrase "wrongful discharge" is somewhat confusing. Plaintiff's claim for wrongful discharge appears to conflate two distinct causes of action: wrongful discharge in violation of public policy and breach of implied contract. While both are recognized exceptions to the presumption of at-will employment,[5] they are distinct concepts and will be addressed separately. To the extent that Plaintiff is bringing a claim for breach of implied contract, that claim is adequately pleaded in the proposed second amended complaint as will be discussed further below. However, to the extent that he is bringing a claim for wrongful discharge in violation of public policy, that claim is deficient.

"Under Utah law, there is a presumption that all employment relationships entered into for an indefinite period of time are at-will."[6] However, "[a]n at-will employee whose employment has been terminated in violation of a clear and substantial public policy may sue for wrongful termination."[7] The Utah Supreme Court has identified four categories of public policies that may provide a basis for a wrongful termination claim:

> (i) refusing to commit an illegal or wrongful act, such as refusing to violate the antitrust laws; (ii) performing a public obligation, such as accepting jury duty; (iii) exercising a legal right or privilege, such as filing a workers' compensation claim; or (iv) reporting to a public authority criminal activity of the employer.[8]

---

[5] *See Berube v. Fashion Ctr., Ltd.*, 771 P.2d 1033, 1040–46 (Utah 1989) (discussing exceptions to employment-at-will doctrine).

[6] *Ray v. Wal-Mart Stores, Inc.*, 359 P.3d 614, 619 (Utah 2015).

[7] *Id.* at 620.

[8] *Id.* (quoting *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 408 (Utah 1998)).

Plaintiff's proposed Second Amended Complaint alleges, in pertinent part, that Plaintiff was discharged "for complaining about being compelled to work on Saturdays without pay; for whistleblowing on fraudulent practices by Wyndham; and complaining of sexual harassment."[9] The first and third allegations are deficient as a matter of law.

In *Conner v. Schnuck Markets, Inc.*,[10] the Tenth Circuit affirmed the dismissal of a "retaliatory discharge claim under the public policy exception to Kansas' employment-at-will doctrine" because there was an adequate remedy under the FLSA.[11] Following *Conner*, this Court has held that state common law claims are preempted under the FLSA where they are based on the same facts and circumstances as the FLSA claims.[12] As stated, Plaintiff alleges that he was discharged for complaining about working on Saturdays without pay. This allegation also makes up a portion of Plaintiff's FLSA retaliation claim. Therefore, his wrongful termination claim based on this alleged conduct is preempted.

Similarly, the Utah Supreme Court has held that the Utah Anti-Discrimination Act "preempts all common law causes of action for discrimination, retaliation, or harassment by an employer on the basis of sex, race, color, pregnancy, age, religion, national origin, or disability," including a wrongful termination against public policy claim.[13] Thus, Plaintiff's third

---

[9] Docket No. 14, Appendix ¶ 51.

[10] 121 F.3d 1390 (10th Cir. 1997).

[11] *Id.* at 1399.

[12] *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1227–28 (D. Utah 2002); *see also Stephenson v. All Resort Coach, Inc.*, Case No. 2:12-CV-1097 TS, 2013 WL 4519781, at *9 (D. Utah Aug. 26, 2013).

[13] *Gottling v. P.R. Inc.*, 61 P.3d 989, 997 (Utah 2002).

allegation—that he was terminated for complaining of sexual harassment—cannot support a claim for wrongful termination.[14]

This leaves only Plaintiff's second allegation: that he was discharged for whistleblowing on fraudulent practices by Defendant. Plaintiff's proposed second amended complaint makes little reference to this conduct and provides scant factual support for it. Without more, the Court cannot find that Plaintiff has adequately pleaded a claim for wrongful discharge in violation of public policy. However, the Court will allow Plaintiff an opportunity to amend this portion of his proposed complaint. Plaintiff should take care to provide sufficient allegations to allow the Court to determine whether his alleged whistleblowing activities provide a basis for a wrongful termination claim.

    *b.*    *Breach of Implied Contract*

Plaintiff's third cause of action is for breach of contract. Plaintiff alleges that he had an implied contract that he would not be terminated unless his sales goals were not reached. Plaintiff alleges that he performed all of the terms and conditions of his employment, including reaching his sales goals, but was terminated anyway.

Defendant argues that Plaintiff's claim fails because the contract Plaintiff signed with Defendant, as well as a number of other documents, show that his employment was at-will. Defendant is correct that a number of documents signed by Plaintiff indicate that his employment was at will. "An at-will relationship, however, may be modified by a subsequent 'implied or

---

[14] This portion of Plaintiff's wrongful termination claim is also inadequately pleaded.

5

express agreement that the employment may be terminated only for cause or upon satisfaction of any other agreed-upon condition.'"[15]

Here, Plaintiff alleges that he was told he would not be terminated so long as he met his sales goals. Plaintiff alleges that he was terminated despite the fact that he was meeting his sales goals. The Utah Court of Appeals addressed a similar claim in *Wood v. Utah Farm Bureau Insurance Co*. In that case, the plaintiff's employment contract provided that either party could terminate the agreement at any time, with or without cause.[16] However, the plaintiff presented evidence that after signing his initial contract, he was told that he would not be terminated unless he failed to meet certain goals.[17] Despite the existence of the employment contract indicating his employment was at-will, the court found that a reasonable jury could conclude that an implied-in-fact contract existed and that it was breached when the plaintiff was terminated.[18]

Essentially the same facts are presented here. Defendant has presented evidence showing that Plaintiff signed documents when he was first hired acknowledging his at-will status. However, Plaintiff alleges that he was informed that he would not be terminated so long as he met his sales goals. Plaintiff alleges that he was meeting his sales goals, but was nonetheless terminated. Based upon these facts, the Court finds that Plaintiff has adequately stated a claim for breach of implied contract.

---

[15] *Wood v. Utah Farm Bureau Ins. Co.*, 19 P.3d 392, 396 (Utah Ct. App. 2001) (quoting *Fox v. MCI Commc'ns Corp.*, 931 P.2d 857, 859 (Utah 1997)); *see also Hodgson v. Bunzl Utah, Inc.*, 844 P.2d 331, 334 (Utah 1992) (stating that "evidence of conduct and oral statements may establish an implied-in-fact contract").

[16] *Wood*, 19 P.3d at 394.

[17] *Id.* at 398.

[18] *Id.*

## 2. *Bad Faith*

Defendant further argues that denial of amendment is justified because Plaintiff has acted in bad faith. Defendant asserts that Plaintiff has asserted inconsistent allegations in an attempt to avoid dismissal. Defendant contrasts Plaintiff's allegation in his Amended Complaint that he was an "at-will" employee with the allegation in Plaintiff's proposed second amended complaint that his employment was "something other than employment at-will."

Defendant misunderstands Plaintiff's breach of implied contract claim. Plaintiff alleges that he was initially hired as an at-will employee, but at some point that changed based on the representations made by Defendant, thus making his employment "something other than employment at-will." These allegations are not inconsistent and, as set forth above, Plaintiff's proposed second amended complaint adequately states a claim for breach of implied contract. Therefore, the Court cannot find that Plaintiff has acted in bad faith in seeking leave to amend.

## 3. *Prejudice*

Defendant also argues that allowing amendment will result in prejudice. The Tenth Circuit has identified prejudice to the nonmoving party as the "most important . . . factor in deciding a motion to amend the pleadings."[19] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.' Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[20]

---

[19] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[20] *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

Defendant argues that it will be prejudice by further amendment because it has already twice sought dismissal of Plaintiff's claims and that amendment will only serve to further waste resources. While the Court is cognizant of Defendant's concerns, Defendant failed to show sufficient prejudice to justify denying leave to amend. This case is still in its early stages and at least a portion of Plaintiff's claims will move forward. Defendant has failed to show that it has been adversely affected in preparing for its defense of these claims. Therefore, the Court will allow amendment.

B.     MOTION FOR PARTIAL DIMISSAL

Based upon the anticipated filing of a second amended complaint, Defendant's Motion for Partial Dismissal is moot.[21] Therefore, the Court will deny the Motion without prejudice. Defendant is free to file a motion to dismiss the second amended complaint, once filed, should it suffer from the deficiencies identified in this Order.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 14) is GRANTED. It is further

ORDERED that Defendant's Motion for Partial Dismissal of the Amended Complaint (Docket No. 12) is DENIED AS MOOT.

Plaintiff must file his second amended complaint in accordance with the ruling set forth above within fourteen (14) days of this Order.

---

[21] *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (quotation marks omitted).

DATED this 10th day of January, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge